MILDRED K. SCHULZ et al., Respondents, v. SUN OIL COMPANY et al., Appellants.

Fourth Department, May ·24, 1957.

*Stephen V. Lines* and *Morton A. Polster* for appellants.

*J. Webb L. Sheehy* for respondents.

*Per Curiam.* This court in the past has had occasion to condemn inexcusable delay in the service of bills of particulars. We turn to the record to ascertain whether the failure to serve a bill of particulars was excusable.

The accident upon which this negligence action is predicated occurred on November 14, 1952. On May 31, 1955 a summons was served on the defendant Rider and on the following day on the codefendant Sun Oil Company. A notice of retainer was served on behalf of both defendants on July 11, 1955. The complaint was served on August 18, 1955 and thereafter and on September 14, 1955 the answer of the defendants, accompanied by a demand for a bill of particulars, was served. The demand

was ignored and after waiting for a period of something better than four months, the defendants on January 26, 1956 moved for an order of preclusion.

No one appeared upon the return day of the motion in opposition thereto and the court on February 7, 1956 granted a 20-day conditional order. The plaintiff ignored this order and failed to serve a bill of particulars within the 20-day grace period. On January 4, 1957, nearly one year following the order of preclusion, some 15 months following the demand for the bill of particulars and more than four years after the happening of the accident in question, plaintiffs moved to vacate the order of preclusion. The notice of motion was accompanied by a proposed bill of particulars. It is from the order granting the motion to vacate the preclusion order that the instant appeal comes to this court.

The only excuse offered for the indifference to the court order and as an excuse for failure to serve the bill of particulars appears in plaintiffs' attorney's affidavit wherein he states "entirely due to inadvertence and press of other business of deponent, said bill of particulars was not verified nor served upon the attorneys for defendant."

This court in *Goldstein* v. *Wickett* (3 A D 2d 135) said: "Certainly [the plaintiff's attorney] comes to this court with a very heavy burden of explanation. He must show in factual detail an excuse proportionate to the neglect."

The excuse proffered for failure to serve the bill of particulars falls far short of meeting the requirement laid down by this court. We feel the court below improvidently exercised its discretion in vacating the order of preclusion and conclude that the order should be reversed and the motion denied.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, BASTOW and GOLDMAN, JJ.

Order insofar as appealed from reversed, without costs of this appeal to any party, and motion denied, without costs.